IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MILTON THOMAS,

    Plaintiff,

v.

CLIFTON HEIGHTS POLICE DEPARTMENT
and AAA MID-ATLANTIC CORPORATE
OFFICES,

    Defendants.

CIVIL ACTION
NO. 13-1086

## MEMORANDUM OPINION

**Schmehl, J.**                                                  **September 20, 2013**

       Plaintiff has filed an action under 42 U.S.C. § 1983 against Defendants, Clifton Heights Police Department and AAA Mid-Atlantic Corporate Offices.[1] Plaintiff claims that Officer Press of the Clifton Heights Police Department filed criminal charges against him alleging theft of services arising from a dispute over repairs that Defendant, AAA Mid-Atlantic performed to Plaintiff's vehicle. This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failing to State a Claim Under Federal Rule of Civil Procedure 12(b)(6).[2]

### I.    STANDARD OF REVIEW

       A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion

---

[1] A review of the docket entries in this matter shows no return of service of the Complaint on Defendant, AAA Mid-Atlantic Corporate Offices.

[2] Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint on July 11, 2013. Plaintiff has failed to timely respond to this Motion.

requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

To survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted). Further, in cases brought under 42 U.S.C. § 1983, the pleading requirements are somewhat stricter, as the Third Circuit Court of Appeals has "consistently demanded that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs." Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert denied 489 U.S. 1065 (1989).

## II.   FACTS

On January 19, 2013, Plaintiff went to AAA Mid-Atlantic Care Center to pick up his automobile and pay for repairs that Defendant AAA had performed. (Am. Complaint, p. 1.) A customer service representative refused to accept payment for the services and said only Car Care Manager Mark Dooling could accept payment. (Id.) Plaintiff waited

for several minutes, then went outside and observed Mr. Dooling trying to gain entry to Plaintiff's car. (Id.) Plaintiff claims Mr. Dooling damaged the driver's side door of his car while trying to gain access to it. (Id.) Plaintiff then refused to pay for the repairs performed to his car until AAA repaired the damage that was done to his driver's side door. (Am. Complaint, p.1.)

Thereafter, on January 24, 2013, Officer James Press of the Clifton Heights Police Department contacted Plaintiff by phone and demanded payment to AAA for services rendered. (Id.) Plaintiff informed Officer Press that AAA had damaged his car while it was in their possession, and that he was disputing how much was owed to AAA. (Id.) Officer Press informed Plaintiff that he still was required to pay the bill. (Id.) On January 30, 2013, Plaintiff sent AAA a request for payment for damage done to his vehicle, and on February 19, 2013, Officer Press filed criminal charges against Plaintiff alleging theft of services. (Id. at p. 2.)

### III. DISCUSSION

In Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if its policy or custom causes a constitutional injury. Identifying a "'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability

3

on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

Here, Plaintiff's Amended Complaint fails to allege a constitutional injury. Further, Plaintiff's Amended Complaint alleges absolutely no facts establishing a policy or custom of constitutional deprivation within the Clifton Heights Police Department. Read in the light most favorable to Plaintiff, we conclude that Plaintiff's Amended Complaint fails to allege sufficient facts to establish a plausible claim of 1983 liability against Defendant, Clifton Heights Police Department. Accordingly, we will grant Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, we grant the Motion to Dismiss of Defendant, Clifton Heights Police Department.

BY THE COURT:

Jeffrey L. Schmehl, J.